```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

|  |  |
|---|---|
| AUTRY PETROLEUM COMPANY and McDONALD OIL COMPANY, | * |
| Plaintiffs, | * |
| vs. | * |
| BP PRODUCTS NORTH AMERICA INC., | CASE NO. 4:05-CV-113 (CDL) |
| Defendant. | * |
|  | * |

O R D E R

Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 8). For the following reasons, Defendant's motion is denied.

BACKGROUND

Plaintiffs, Autry Petroleum Company and McDonald Oil Company, have filed this class action against Defendant, BP Products North America Inc. ("BP"), for a violation of the Uniform Commercial Code's ("UCC") requirement of good faith in setting open price terms. O.C.G.A. §§ 11-1-203, 11-2-305. Plaintiffs are jobbers for BP. They distribute BP fuel to retail outlets. BP's contracts with its jobbers leave open the price term of the contract—"[t]he price which Jobber will pay for each Product sold under this Contract will be [BP's] jobber buying price, as recorded at the applicable [BP] business unit office, regional office or such other office as [BP] may designate . . . ."

Under the Jobber Contract, jobbers are required to pay by electric funds transfer ("EFT"). If the jobbers pay by EFT within ten days of delivery, BP provides a 1% discount from the pre-tax price. This discount is not part of the Jobber Contract, but is explained in writing on the invoices that BP provides to its jobbers. Plaintiffs argue that these invoices are part of the contract between BP and its jobbers and therefore BP has an obligation to provide a 1% discount. Plaintiffs claim that BP has violated the good faith requirement of the UCC by inflating the jobber buying price in order to recoup the promised 1% discount. BP contends that Plaintiffs' Complaint fails to state a claim upon which relief may be granted and therefore should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

### I.  Motion to Dismiss Standard – Rule 12(b)(6)

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto."[1] *Brooks v. Blue Cross & Blue*

---

[1] The Court notes that, in a motion to dismiss, it may consider as part of the pleadings documents that are central to the plaintiff's claim and have been referred to in the complaint, even if those documents are not attached to the complaint. *Brooks*, 116 F.3d at 1369. The defendant

2

*Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).  The factual allegations contained in the complaint must be taken as true, and the complaint must be construed in the light most favorable to the non-moving party.  *Id.* at 1369.  Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory [it] relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  *Id.* (emphasis in original) (citation omitted).  In other words, "[t]he pleadings must show . . . that the Plaintiffs have no claim before the 12(b)(6) motion may be granted."  *Id.*

## II.  BP's Motion to Dismiss

BP argues that Plaintiffs' action should be dismissed because (1) there is no independent cause of action for a violation of the UCC good faith provisions; (2) Plaintiffs have not and cannot identify a breach of contract; (3) Plaintiffs failed to notify BP of the action within contractual and statutory time limits; and (4) the claim is barred by the four year statute of limitations.  As discussed below, each of BP's arguments is without merit.

### A.  Good faith requirement and breach of contract

BP's first and second purported reasons for dismissal are intertwined.  While there is no independent cause of action for a violation of the good faith requirement under the UCC, the failure

---

may attach these documents to its motion to dismiss without converting the motion to a motion for summary judgment.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citation omitted).

3

to, in good faith, perform or enforce an obligation under a contract can result in a claim for breach of contract. *See* O.C.G.A. § 11-1-203 official cmt. Specifically, Plaintiffs claim that BP has breached the obligation of a seller to fix an open price term in good faith. O.C.G.A. § 11-2-305(2). The Court agrees with BP that there is no independent cause of action for a violation of this obligation of good faith under the UCC. *See, e.g., Stuart Enters. Int'l, Inc. v. Peykan, Inc.*, 252 Ga. App. 231, 234, 555 S.E.2d 881, 884 (2001). Instead, the failure to set an open price term in good faith must be presented as a claim for breach of contract. O.C.G.A. § 11-1-203 official cmt. ("[A] failure to perform or enforce, in good faith, a specific duty or obligation under the contract, constitutes a breach of that contract . . . .").

The Court rejects BP's suggestion that Plaintiffs have not alleged breach of contract. The Complaint clearly states that one of the common questions of law for the class action is "whether [BP] breached its contract with each member of the Plaintiff class." (Compl. ¶ 7(b).) Plaintiffs also allege that BP promised a 1% discount and then failed to actually provide that discount by manipulating the open price term. (*Id.* ¶¶ 13-14.) Finally, Plaintiffs allege that notice was given to BP pursuant to UCC § 2-607 which requires notice of a breach of contract. (*Id.* ¶ 21.) Plaintiffs have sufficiently alleged a claim for breach of contract.

BP also argues that if Plaintiffs have alleged breach of contract under section 11-2-305, this claim should fail because Plaintiffs did not allege that this is an abnormal case. In order for a breach to occur under section 11-2-305, the seller has to set the price term in bad faith. The comments to this section explain that "in the normal case a 'posted price' or a future seller's or buyer's 'given price,' 'price in effect,' 'market price,' or the like satisfies the good faith requirement." O.C.G.A. § 11-2-305 cmt. 3. BP argues that since the price under the Jobber Contract is a 'posted price' or 'price in effect,' Plaintiffs' Complaint fails to state a claim because Plaintiffs did not allege that this case is "abnormal." *See, e.g., Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1262 n.16 (11th Cir. 2003) (upholding district court's decision to allow jury to determine whether the case was "normal" where buyers argued that seller was attempting to drive them out of business).

Apparently, BP contends that because the Complaint fails to state specifically that (1) this case is "not normal" or (2) that BP was trying to drive Plaintiffs out of business, then Plaintiffs have failed to state a claim based upon this case being atypical. The Court rejects this argument. Plaintiffs claim, *inter alia*, that BP "manipulates and inflates the pricing of fuel," "engaged in a calculated effort to cheat its jobber network," and suppressed and concealed material facts "with an intent to deceive Plaintiffs . . . to [Plaintiffs'] detriment." (Compl. ¶¶ 14, 17, 25.) Plaintiffs

5

have therefore alleged that (1) BP violated the open price term good faith requirement, (2) that this results in a breach of contract, and (3) that this is not a normal case.  Thus, the Court rejects BP's contention that Plaintiffs have failed to state a claim for relief based upon Defendant's breach of contract arising from Defendant's alleged bad faith setting of the price term.

**B.  Notice**

BP next argues that Plaintiffs have failed to give BP proper notice of their claims under the Jobber Contract and under UCC § 2-607(3)(a).  O.C.G.A. § 11-2-607(3)(a).  Plaintiffs respond that the cited provision in the Jobber Contract does not apply to this case, and that proper notice was given to BP in accordance with section 2-607.

First, Paragraph 4(b) of the Jobber Contract requires notice to BP "in writing of disputes regarding any charges or other items on any [BP] invoice or statement within 60 days after Jobber's receipt of same."  If the Jobber does not inform BP of a dispute involving a charge on an invoice within the 60 day time limit, then "the invoice or statement in question will be presumed to be accurate."  Defendant apparently contends that Plaintiffs' Complaint does not allege any facts that would authorize recovery notwithstanding the existence of this provision in the agreement.  The Court finds that Plaintiffs have alleged sufficient facts to state a claim even given the existence of paragraph 4(b) of the contract.

Second, BP argues that Plaintiffs failed to comply with the notice requirement of O.C.G.A. § 11-2-607(3)(a) which requires a buyer who has accepted tender to notify the seller of any breach "within a reasonable time after he discovers or should have discovered" the breach. This notice is a condition precedent to filing suit for a breach of contract under Article 2 of the UCC. *Hudson v. Gaines*, 199 Ga. App. 70, 72, 403 S.E.2d 852, 854 (1991); *Oden & Sims Used Cars, Inc. v. Thurman*, 165 Ga. App. 500, 500, 301 S.E.2d 673, 674 (1983). "All that is required in pleading the performance or occurrence of conditions precedent are general averments to that effect." *Phoenix Ins. Co. v. Aetna Cas. & Sur. Co.*, 120 Ga. App. 122, 129, 169 S.E.2d 645, 650 (1969); O.C.G.A. § 9-11-9(c) ("[I]t is sufficient to aver generally that all conditions precedent have been performed or have occurred."). Plaintiffs allege that they have given BP notice pursuant to section 2-607. This allegation satisfies the general pleading requirement and is sufficient to withstand a motion to dismiss. Therefore, BP's Motion to Dismiss based upon lack of notice is denied.

### C. Statute of Limitations

Finally, BP contends that Plaintiffs' claims are barred by the statute of limitations. "A statute of limitations bar is an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal

7

quotation marks and citation omitted) (ellipses and alterations in original).  Dismissal on statute of limitations grounds is appropriate under Rule 12(b)(6) only if it is "apparent on the face of the complaint" that the claim is time barred.  *Omar ex. Rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003).  Additionally, "[a]t the motion to dismiss stage, a complaint may be dismissed on the basis of a statute of limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute."  *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) (internal quotation marks and citation omitted).

The statute of limitations in Georgia for breach of a contract for the sale of goods is four years.  O.C.G.A. § 11-2-725(1).  The cause of action "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  O.C.G.A. § 11-2-725(2).  The statute of limitations can be tolled, however, if the defendant is "guilty of a fraud by which the plaintiff[s] ha[ve] been debarred or deterred from bringing an action."  O.C.G.A. § 9-3-96; *see also* O.C.G.A. § 9-3-98 (applying section 9-3-96 to actions on contracts).  Section 11-2-725 "does not alter the law on tolling of the statute of limitations."  O.C.G.A. § 11-2-725(4).  Therefore, Plaintiffs' Complaint may be dismissed only if, from the face of the Complaint, it is apparent (1) that the statute of limitations has run and (2) that there are no facts that Plaintiffs

8

could prove that would support a finding that BP has committed a fraud which prevented Plaintiffs from bringing the action at an earlier time.

From the face of the Complaint it is apparent that only some of Plaintiffs' claims are outside the four year statute of limitations. Plaintiffs filed their Complaint on October 18, 2005. That Complaint alleges that beginning in 1999, BP breached its contract with Plaintiffs each time Plaintiffs failed to receive the promised 1% discount. Therefore, the statute of limitations clearly does not bar all of Plaintiffs' claims. Moreover, for those breaches arguably arising outside the statute of limitations between 1999 and October 18, 2001, Plaintiffs have alleged facts which, if proved, could toll the statute of limitations. *See, e.g., Saffold v. Scarborough*, 91 Ga. App. 628, 630-31, 86 S.E.2d 649, 650-51 (1955). Specifically, Plaintiffs allege that "[BP] actively concealed its unlawful conduct," that "[a]n exercise of due diligence could not have discovered [BP's] wrongful conduct," that "BP willfully and intentionally concealed, suppressed[,] and failed to disclose material facts," and that BP did this with "an intent to deceive Plaintiffs." Therefore, it is inappropriate at this time to dismiss Plaintiffs' claims on statute of limitations grounds.

## CONCLUSION

Plaintiffs have sufficiently alleged that BP breached the Jobber Contract, that proper notice was supplied to BP, and that the statute

9

of limitations has not expired as to Plaintiffs' claims.  Thus, BP's Motion to Dismiss is denied.

IT IS SO ORDERED, this 1st day of May, 2006.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
