IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF GEORGIA
                            COLUMBUS DIVISION

AUTRY PETROLEUM COMPANY and      *
MCDONALD OIL COMPANY,
                                 *
          Plaintiffs,
                                 *
vs.
                                 *      CASE NO. 4:05-CV-113 (CDL)

BP PRODUCTS NORTH AMERICA, INC.  *

          Defendant.             *

                                 *

                            O R D E R

    After the Court granted Defendant's Motion for Summary Judgment, Plaintiffs filed a Motion for Reconsideration of that Order (Doc. 128).[1] For the following reasons, Plaintiffs' motion is denied.

    Plaintiffs acknowledge that Defendant moved for summary judgment "on a multitude of issues[.]" (Pls.' Mot. for Recons. 1.) However, Plaintiffs contend that the Court granted summary judgment, in large part, on theories not raised by Defendant. Specifically, Plaintiffs submit that Defendant never made the argument "that, even if this were not the 'normal case,' Plaintiffs could not establish Defendant's bad faith." (*Id.*) Plaintiff filed the pending motion

---

[1] As its initial response to Plaintiffs' Motion for Reconsideration, Defendant filed a Motion to Strike Plaintiffs' Motion for Reconsideration (Doc. 130), arguing that Plaintiffs failed to comply with the local rules regarding page limitations for such motions and that Plaintiffs failed to satisfy the legal standard for a motion for reconsideration. Plaintiffs subsequently filed a Motion for Leave to File Excess Pages (Doc. 131) which the Court granted by text order dated February 29, 2008. Although not reflected on the docket, this text order had the effect of denying Defendant's Motion to Strike (Doc. 130). Therefore, the Court considers Plaintiffs' Motion for Reconsideration on the merits.

1

"to direct the Court to evidence showing there are disputed issues of material fact on this theory." (*Id.* at 2.) In an effort to ensure that the parties had sufficient opportunity to address this issue, the Court permitted both parties to file briefs substantially exceeding the page limitations prescribed by Local Rule 7.6.

After reviewing the parties' briefs and supporting authority, the Court remains convinced that summary judgment in favor of Defendant is required in this case. Plaintiffs' proffered evidence of dishonesty in fact and commercial unreasonableness consists primarily of statements of their subjective belief that Defendant acted unfairly and contrary to the parties' expectations when it recouped the prompt payment discount when setting the Jobber Buying Price. The problem with Plaintiffs' argument is that it would permit one party's notion of "unfairness" to trump the express terms of the parties' contract, which permit the Defendant to unilaterally set the Jobber Buying Price. Evidence of subjective unfairness does not create a *genuine* issue of *material* fact in this case. If it did, a contracting party could simply cry "unfair" and thereby create a genuine issue of material fact, which would result in commercial disputes being decided by twelve jurors' interpretation of the subjective "fairness" to the parties rather than having the parties' obligations and rights determined by their objectively reasonable commercial expectations under their unambiguous contracts. At least one Circuit has recognized the folly of this argument. As explained by the Seventh Circuit, "[i]n commercial transactions [governed by

the UCC] . . . the question is not what is fair but what comports with the contract." *PSI Energy, Inc. v. Exxon Coal USA, Inc.*, 17 F.3d 969, 974 (7th Cir. 1994). "By enforcing contractual language rather than molding it until the outcome looks more fair *ex post*, courts in the end serve all contracting parties' interests." *Id.*

For the reasons stated herein and for the reasons explained in the Court's Order granting summary judgment, the Court remains convinced that no genuine issues of material fact exist for trial and that summary judgment in favor of Defendant is required. Accordingly, Plaintiffs' Motion for Reconsideration is denied.

Plaintiffs also seek to have the Court modify the judgment that casts the costs upon the Plaintiffs. Plaintiffs have provided no justification for the denial of the recovery of costs by Defendant as the prevailing party. *See* Fed. R. Civ. P. 54(d). Accordingly, Plaintiff's request is denied. This ruling does not prevent Plaintiffs from contesting the amount of costs submitted by Defendant. Furthermore, the Court finds that the recovery of any costs should be stayed pending any appeal of the Court's Order granting summary judgment. Accordingly, Defendant is prohibited from instituting any proceedings to collect the costs ultimately awarded to it until this matter is finally concluded after an appeal or otherwise.

IT IS SO ORDERED, this 12th day of March, 2008.

                               S/Clay D. Land
                                 CLAY D. LAND
                         UNITED STATES DISTRICT JUDGE