IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| AUTRY PETROLEUM COMPANY and MCDONALD OIL COMPANY, | * | |
| | * | |
| Plaintiffs, | | |
| | * | CASE NO. 4:05-CV-113 (CDL) |
| vs. | | |
| | * | |
| BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation, | * | |
| | | |
| Defendant. | * | |

O R D E R

Following the Court's summary judgment in favor of Defendant, Defendant filed a Bill of Costs on March 10, 2008, seeking $158,033.88. Defendant subsequently abandoned part of its claim for costs and reduced its total claim to $156,844.35. After the Eleventh Circuit Court of Appeals affirmed the Court's summary judgment, the Clerk of the Court, in a thorough and well-reasoned analysis, issued a Taxation of Costs on March 12, 2010 against Plaintiffs in the amount of $152,310.72. Plaintiffs now contend that the Clerk erred in assessing costs that they argue are not authorized under 28 U.S.C. § 1920 ("§ 1920"). They have therefore filed a Motion to Review Taxation of Costs by Clerk (ECF No. 153). For the following reasons, Plaintiffs' motion is granted in part and denied in part. The Court

finds that Defendant is entitled to recover its costs in the amount of $147,967.74.[1]

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Therefore, Defendant, as the prevailing party, is entitled to recover its costs in this action. That recovery, however, is not without limits. As noted by the Supreme Court, a court does not have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964), *overruled on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442-43 (1987). Rather, district courts must limit costs awarded under Rule 54(d) to the list of items set forth in § 1920 and other applicable statutes. *Crawford Fitting Co.*, 482 U.S. at 445. When the Clerk's assessment of costs is challenged, the Court reviews the assessment of costs *de novo*. *Farmer*, 379 U.S. at 233.

Preliminarily, the Court notes that a substantial portion of the costs sought by Defendant arose from electronic discovery. The

---

[1] Plaintiffs requested oral argument on their motion. Finding that such argument would not be helpful, the Court denies that request.

2

parties submitted, and the Court approved, an Agreed Order Establishing Protocol for Electronic Information, which contemplated discovery by electronic means. *See generally* Agreed Order Establishing Protocol for Electronic Information, Jan. 26, 2007, ECF No. 51 [hereinafter Agreed Order]. Plaintiffs contend that both parties agreed to bear their own expenses for electronic discovery pursuant to a cost allocation agreement, and thus, Defendant's Bill of Costs should be reduced by $130,996.06. Pls.' Mot. to Review Taxation of Costs by Clerk 9-10, ECF No. 153 [hereinafter Pls.' Mot.]. Section C.3 of the Agreed Order Establishing Protocol for Electronic Information provided that the parties "shall meet and confer to develop reasonable and appropriate cost allocation agreements." Agreed Order at 6 § C.3. However, the parties never entered into a cost allocation agreement, and Plaintiffs did not allege that they attempted to develop any such agreement with Defendant. Therefore, the Court denies Plaintiffs' request to reduce Defendant's Bill of Costs by $130,996.06.

In addition to their general argument regarding the cost allocation agreement, Plaintiffs specifically object to several cost items initially sought by Defendant and ordered by the Clerk, contending that they are not authorized under § 1920. The Court observes, however, that the amount of specific costs to which Plaintiffs object totals $42,031.28; yet some of the items included

3

in this figure relate to claims that Defendant has abandoned and others relate to items that the Clerk found not recoverable. Therefore, some of those claims are now moot. The Court nevertheless will address each of Plaintiffs' objections.

**I.    Exemplification and Copy Fees**

The Clerk awarded costs for exemplification and copy fees. Plaintiffs object to some of those costs. Section 1920 allows for the taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "In general, the prevailing party can recover the costs of making copies of documents, pleadings, discovery, and exhibits tendered to the opposing party or submitted to the court for consideration." *Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997). Furthermore, "[c]opies attributable to discovery are a category of copies recoverable under § 1920(4)." *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (internal quotation marks omitted). "The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case." *Brewer-Giorgio*, 985 F. Supp. at 1485 (internal quotation marks omitted); *see also Parrot, Inc. v. NiceStuff Distrib. Int'l, Inc.*, No. 06-61231-CIV, 2010 WL 680948, at *15 (S.D. Fla. Feb. 24, 2010) ("Photocopies are recoverable under § 1920 if the copies were necessarily obtained for

4

use in the case."). "Copies made solely for the convenience, preparation, research, or for the records of counsel are not recoverable." *Brewer-Giorgio*, 985 F. Supp. at 1485. "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623. "Use of information contained in a file is not a prerequisite to finding that it was necessary to copy the file."[2] *Id.* (internal quotation marks omitted).

A.  Charging for Hard Copies of Electronic Images

Plaintiffs contest the taxation of $2,438.66 for "blowbacks"—hard copy prints of electronic images—used in the preparation of Defendant's privilege log. Pls.' Mot. 2-4; *see* Pls.' Mot. Ex. B, Duplicate Charges for Hard Copies, ECF No. 153-2. The Court finds that these expenses were directly incurred in response to Plaintiffs' discovery requests, and thus, were necessarily obtained for use in the case. *W&O, Inc.*, 213 F.3d at 623. Therefore, the

---

[2]The Court recognizes that a division exists among the courts as to whether certain costs associated with electronic discovery are recoverable under § 1920(4). *CBT Flint Partners, LLC v. Return Path, Inc.*, 676 F. Supp. 2d 1376, 1380-81 (N.D. Ga. 2009). In this case, the Court is not required to venture into that legal thicket. Plaintiffs do not dispute that the electronic discovery related costs sought by Defendant are recoverable under § 1920(4) if they were necessary. Plaintiffs simply argue that some of the costs generated by electronic discovery were not necessary.

5

Court denies Plaintiffs' request to reduce Defendant's Bill of Costs by $2,438.66.

### B. Hard Drives and CD/DVDs Not Produced

Plaintiffs next contest the taxation of $5,925.00 for media costs "related to hard drives, CDs, and DVDs which were not produced to Plaintiffs, but instead [were] created to transfer [Defendant's] own data to a different electronic format to assist in their review of responsive documents." Pls.' Mot. 5. The Court finds that the preparation of the electronic media was necessary for Defendant to respond to Plaintiffs' discovery requests, and therefore, was necessarily obtained for use in the case. *W&O, Inc.*, 213 F.3d at 623; *cf. CBT Flint Partners, LLC v. Return Path, Inc.*, 676 F. Supp. 2d 1376, 1380-81 (N.D. Ga. 2009) (finding that defendants' costs incurred in paying computer consultant to collect, search, identify, and help produce electronic documents from network files and hard drives was recoverable).[3] Therefore, the Court denies Plaintiffs' request to reduce Defendant's Bill of Costs by $5,925.00.

---

[3]As noted previously, Plaintiffs do not contest the principle enunciated by the district court in *CBT Flint Partners, LLC*, 676 F. Supp. 2d at 1380-81.

C. Electronic Discovery Expenses Incurred After Final Production

Additionally, Plaintiffs contest the taxation of $16,091.77[4] for costs incurred after May 31, 2007, the date Defendant last provided discovery to Plaintiffs. Pls.' Mot. 5-6; *see* Pls.' Mot. Ex. C, Improper Charges Post-Dating Discovery Production, ECF No. 153-2. Defendant argues that the costs are properly taxable because they were incurred in preparing its privilege log, which was provided to Plaintiffs in August of 2007. The Court agrees. As discussed above, the Court finds that the electronic discovery costs incurred in preparing Defendant's privilege log were necessary to respond to Plaintiffs' discovery requests. Therefore, the Court denies Plaintiffs' request to reduce Defendant's Bill of Costs by $16,091.77.

D. Charges for Documents Produced by Plaintiffs

Plaintiffs contend that Defendant's Bill of Costs should be reduced by $172.46 because those costs related to "imaging and printing of *documents produced by Plaintiffs* to [Defendant]," and thus, Defendant is "not entitled to recover the costs for additional printing done for the convenience of its counsel." Pls.' Mot. 6-7.

---

[4]Plaintiffs object to the entire post-production electronic discovery costs originally claimed by Defendant—$16,328.41. Pls.' Mot. 5-6. The Clerk previously reduced this amount by $236.64, which Defendant conceded was not part of the costs associated with the preparation of Defendant's privilege log. Taxation of Costs by the Clerk 6, ECF No. 152 [hereinafter Taxation of Costs].

The Clerk agreed, and reduced Defendant's Bill of Costs by $172.46. Taxation of Costs by the Clerk 7, ECF No. 152 [hereinafter Taxation of Costs]. Therefore, the Court finds this request moot.

### E. Imaging Hard Copies

Plaintiffs also contest the taxation of $3,079.94 for "imaging" certain documents (i.e., converting hard copies into electronic format) and performing Optical Character Recognition ("OCR") on the documents (i.e., converting the imaged documents into a searchable format). Pls.' Mot. 7-9; *see* Pls.' Mot. Ex. E, Imaging & OCR Costs, ECF No. 153-2. The Clerk found that Defendant failed to demonstrate "that the costs of conversion of the documents in issue were necessarily obtained for use in the case," and therefore reduced Defendant's costs by $3,079.94. Taxation of Costs 6-7 (internal quotation marks omitted). Therefore, the Court finds this request moot.

## II. Court Reporter Fees

Plaintiffs contest the Clerk's award of certain court reporter fees associated with depositions taken in this litigation. At the time Defendant filed its Bill of Costs, § 1920(2) authorized the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use

in the case."[5] Section 1920(2) permits recovery not only for the costs of obtaining transcripts of trials and hearings, but also for the costs of depositions and deposition transcripts. *W&O, Inc.*, 213 F.3d at 620. "[W]hether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *Id.* at 622 (internal quotation marks omitted). A district judge "has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorney." *Newman v. A. E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981).[6]

---

[5]After Defendant filed its Bill of Costs, Congress amended § 1920(2) to allow for the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2) (2008). Plaintiffs contend that the amended § 1920(2) should be applied in this case retroactively, and that "[c]onsistent with the plain language of the amended 28 U.S.C. § 1920(2), [Defendant] cannot recover for both the costs of videotaping a deposition and the costs for a stenographic transcript." Pls.' Mot. 12; *see EEOC v. Boot*, No. 07-CV-95-LRR, 2010 WL 520564, at *5 (N.D. Iowa Feb. 9, 2010) (determining that costs are taxable for either stenographic transcription or videotaped depositions—but not both—under amended § 1920(2)).

It is unnecessary for the Court to determine the retroactivity of amended § 1920(2) because even under the amended version of § 1920(2), Defendant cannot recover the costs of videotaping the depositions unless Defendant demonstrates that the costs were reasonably necessary, which Defendant failed to do in this case.

[6]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### A. Stenographic and Nonstenographic Recordings of Depositions

Plaintiffs contest the taxation of $5,271.68 for the videotape charges sought in addition to the stenographic costs of approximately seventeen deponents, contending that Defendant failed to show that the videotaping was necessarily obtained for use in the case. Pls.' Mot. 13; *see* Pls.' Mot. Ex. F, Videotaping Charges Sought in Addition to Stenographic Costs, ECF No. 153-2. The Court agrees, and finds that Defendant failed to satisfy its burden in explaining why it was necessary to obtain videotaped copies of the depositions. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (per curiam) (noting that prevailing party must explain why it was necessary to obtain a copy of videotaped depositions for use in the case in order to recover such costs). Taking into consideration the Clerk's previous reduction of Defendant's costs by $1,130.00, Taxation of Costs 4, the Court reduces Defendant's Bill of Costs by $4,141.68.

### B. Expedited Transcripts

Next, Plaintiffs contest the taxation of $3,258.34 for the expedited transcripts of Dr. Raymond Fishe ($3,107.09) and Dr. William Wecker ($151.25). Pls.' Mot. 13-14; *see* Bloomer Aff., Mar. 10, 2008 Ex. B, Invoices 55992 & 26237, ECF No. 135-2. Defendant argues that the expedited copy of Dr. Fishe's deposition was "necessarily incurred so that [Defendant's] expert could review Dr.

Fishe's testimony, including the testimony regarding his supplemental report, prior to being examined at his own deposition." Def.'s Reply in Supp. of Bill of Costs 2 n.3, ECF No. 139-2. The Court finds that obtaining an expedited copy of Dr. Fishe's deposition was reasonably necessary; therefore, Plaintiffs' request as to Dr. Fishe's deposition is denied. However, the Court finds that Defendant failed to satisfy its burden in explaining why the $151.25 charge for the expedited copy of Dr. Wecker's deposition was reasonably necessary. The Court also finds that the $50.00 "Handling & Delivery" charge for Dr. Wecker's deposition was not properly taxable. Therefore, the Court reduces Defendant's Bill of Costs by $201.25 for these items.

### C. Depositions Not Relied Upon by Either Party

Next, Plaintiffs object to the taxation of $3,832.39 for the deposition transcripts of Raymond Patrick Fishe, Ph.D., Amy Roth, and John Kleine on the grounds that the depositions "were not relied upon by the parties in either the summary judgment or the class certification briefings in this case." Pls.' Mot. 14; *see* Pls.' Mot. Ex. G, Depositions Not Replied Upon by Either Party, ECF No. 153-2. "[W]hether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 621 (internal quotation marks omitted). The Court finds that the depositions were necessarily obtained for use in the case.

11

Therefore, the Court denies Plaintiffs' request to reduce Defendant's Bill of Costs by $3,832.39.

### D. Expedited Hearing Transcripts

Lastly, Plaintiffs object to the taxation of costs for the expedited transcripts of both the January 9, 2007 hearing ($91.08) and the December 20, 2007 hearing ($616.25). Pls.' Mot. 14-15; *see* Bloomer Aff. Ex. A., Invoices 1520 & 2489, ECF No. 135-2. Defendant failed to provide any justification for expediting the hearing transcripts. The Clerk determined that the non-expedited rate of the December 2007 hearing was $529.25 and reduced Defendant's costs by $87.00. Taxation of Costs 2. Therefore, the Court finds that Plaintiffs' request as to the December 2007 hearing is moot. However, Plaintiffs pointed to no evidence regarding the non-expedited rate of the January 2007 hearing transcript. The Court therefore denies Plaintiffs' request as to the January 2007 hearing transcript.

### CONCLUSION

As discussed above, Plaintiffs' Motion to Review Taxation of Costs by Clerk (ECF No. 153) is granted in part and denied in part. The Clerk is directed to tax costs against Plaintiffs and in favor of Defendant in the revised amount of $147,967.74.

IT IS SO ORDERED, this 16th day of August, 2010.

    S/Clay D. Land
        CLAY D. LAND
   UNITED STATES DISTRICT JUDGE